*410 OPINION of the Court, by
Judge Clark.
Shac-p\eforcj on the 14th day of September, 1805, sold to Jones a tract or land containing 138 3 4 acres, and ex-eeuted bis bond for a conveyance wi h general warrant jy. Jones paid at the time of the purchase $ 988, part of the consideration money, and executed his bond few *411 0 262, being the balance, payable the first of February following. Jones failing to pay this bond when it be» came due, suit was brought and judgment obtained.
And che chan-⅜ cellar wij] di> rect an HThe of quantum damrü* ftcatiiis
To enjoin further proceedings on this-judgment, and to compel a conveyance for so much of the land as the defendant could legally convey, and damages for the residue, the plaintiff filed his bill, alleging that the legal title to the land was not in the defendant, but in some one to him unknown ; the prayer of which is, that the defendant might be compelled to procure the title and conve)7, and if that could not be done, to pay the value thereof, The answer admits a legal title had not been conveyed at the commencement of the suit ; but that he had afterwards obtained the legal estate, and executed a conveyance agreeably to his contract. To the greater part of the land sold it appears the defendant, after the institution of this suit, procured the legal title, and conveyed the same to the plaintiff. 'For a part the title appears imperfect, though the deed purports to be for the whole, it being derived through the conveyar.ee of one joint tenant alone, no division having been made with his co tenant, On final hearing the the court below dismissed the bill with costs; from, which the plaintiff has appealed to this court.
i'fits cause appears to have been decided upon the grounds that the bill did not present a proper subject for a court cf chancery. There nor being a prayer for the rescisión of the contract, because of a defect of tide, it «rill be unnecessary for the court to decide how far that idea would have been correct, had the suit been brought solely for the purpose of ascertaining the value of that part of the land which the defendant was unable, to convey, and having the damages when ascertained set off against the judgment at law, there being a complete redress at law in an action upon the covenant to convey. But the suit is brought to obtain a convt-vauce, if one could be had, ar.d if one could not be had, the value of the land. It is the peculiar province of a court of chancery to enforce the specific execution of contracts j most assuredly, the party, if he chooses to waive his right to the specific thing, may sue in a court of law for damages ; but if he elects to have the thing in specie, he may do so ; nor ought he, because the- entire ■4hing cannot be-bad, be turned round to a court of law *412 for damages. For if the thing cannot be had entirely, (if it be susceptible of division) he may elect to take what can be had, and damages for the residue. Although a vendor cannot compel the purchaser to take less than what he purchased, the converse of the propon sition is correct when applied to the vendee, for he may in many cases insist upon a part performance of an agreement which the vendor cannot execute in icio, (where there has been a part performance on his part) and damages for the residue. This was a case of that description : for though a deed had been executed before the commencement of the suit, it did not pass the legal title ; the defendant not having previously procured it, the plaintiff could not tell whether it could be obtained or not ; he had therefore a right to file his bill to enforce a specific execution in pursuance of his contract. The court having jurisdiction oí the subject when the suit was commenced, it would ill accord with th« principles of justice, to say that because the defendant has complied in part with his agreement, after suit had been brought, the plaintiff must be turned round to a court of law for damages. We think the court had jurisdiction of the cause, and ought to have given relief by directing an issue of quantum damnificatu$y as to the land which had not been conveyed.
Decree reversed with costs, and new proceedings to be had, not inconsistent with the foregoing opinion.